No. 12,530.

WILLIAMS ET AL. *v.* DELTA SWIMMING POOL, INC.

(5 P. [2d] 583)

Decided November 9, 1931. Rehearing denied November 30, 1931.

Mr. L. C. KINIKIN, for plaintiffs in error.

Mr. IVOR O. WINGREN, Mr. C. H. STEWART, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

WILLIAMS and his wife, the parents of Paul Edward Williams, a minor son, brought this action against the Delta Swimming Pool, a corporation, to recover a money judgment for the son's death caused, as it is alleged, by defendant's negligence while the boy was in its public swimming pool. The defendant's demurrer to the complaint for insufficiency of facts was sustained by the trial court, and, as plaintiffs declined to amend, the action was dismissed. The complaint, in substance, alleges that the defendant owns and operates a swimming pool at Delta, Colorado. It solicits the general public to swim therein and charges an admission fee therefor. Plaintiffs' son paid the prescribed admission fee and entered the pool and soon thereafter became "incapacitated, injured, overcome with cramps, exertion, indisposition or accident—the exact nature of which plaintiffs have been and are unable to ascertain—and by reason of such accident said Paul Edward Williams sank beneath the surface of said swimming pool and met his death.'' The complaint further alleges that at the time said Paul Ed-

ward Williams lost his life in said pool, said defendant company, its servants, agents, and employes, were negligent and careless, and that such negligence and carelessness was the proximate cause of his death as aforesaid in the following particulars and facts, towit: Negligently maintaining in said pool a slide or chute with a steep incline 23 feet to a flat apron, from which a swimmer would be thrown some distance into the pool, and if used head first might injure one's head or face, and deceased was known to have been using said slide on the afternoon he lost his life; that defendant negligently maintained in said pool a heavy steel barrel and several heavy loose boards which were allowed to float about and they constituted a menace to swimmers and divers therein and those using said slide; negligently maintained in said pool a heavy floating spinning wheel which constituted a menace to those swimming therein and sliding down said chute; that said defendant company on said day invited said Paul Edward Williams to enter said pool for swimming and other exercises, and negligently and carelessly failed to provide a guard or attendant to be then and there present and on guard at said pool to oversee and observe any struggling, emergency, injury, accident or peril on the part of said deceased, and to rescue anyone in need, and said deceased was allowed to swim in said pool and use the equipment above mentioned without the oversight of any person provided by said defendant company and without any warning as to the dangers lurking therein, to the plaintiffs' damage.

The plaintiffs in their brief rely upon *Longmont v. Swearingen,* 81 Colo. 246, 254 Pac. 1100, in support of their contention that the complaint states a good cause of action and is not subject to attack by general demurrer. The files and the record in the Longmont case are now in this court and we have read with care the language of the complaint in that case, which corresponds with the averments in this case, as above set forth, and find that in every particular they are, in substance and

in legal effect, the same. The sufficiency of the complaint in the Longmont case was not questioned, either in the trial court or in this court by counsel for the defendant. If, however, there is any difference between the two complaints, the one in the case we are now reviewing contains a better statement of the salient facts than is the statement in the Longmont case.

Defendant's counsel, in questioning the sufficiency of this complaint, rely chiefly upon cited cases wherein the question discussed turned upon the sufficiency of the evidence to sustain the averments of the complaint in damage cases like this; whereas, in the case we are now considering the question is as to the sufficiency of the allegations of the complaint itself as a pleading. Counsel also say that a plaintiff, before he is permitted to attempt to prove his case, must first properly plead it. This is true, but it does not follow that plaintiffs in this complaint have not well pleaded their case. Indeed, we think the complaint is sufficient, as we now proceed to show.

First, we observe that we do not find it necessary to consider, or comment upon, cases which are cited by the defendant and upon which it relies, which hold that certain facts in a negligence case must be established before a plaintiff is entitled to recover. The question here for decision is whether the complaint itself states a good cause of action. In commenting upon the complaint in the Longmont case, counsel for defendant say that it was doubtless sufficient because it was not there attacked. The failure to attack it, of course, does not make it good. It might be contended that, since counsel for the defense in the Longmont case did not question its sufficiency, this, of itself, might be some ground for saying that the complaint in this case, which is equally as good as that in the Longmont case, is not subject to attack by general demurrer.

As we read the brief of the defendant the only plausible reason its counsel give for the assertion that this

complaint is vulnerable to a general demurrer, is because it fails to state what particular negligent act caused the death of the plaintiffs' son; that is, whether the death resulted from drowning or was the result of cramps, exertion, indisposition or accident, the exact nature of which the plaintiffs state in their complaint they are unable to determine. The defendant, although aware of, nevertheless ignore, the averments of the complaint that, because the boy became "incapacitated, injured or overcome with cramps, etc., the exact nature of which the plaintiffs have been unable to ascertain, he sank beneath the surface of the pool and met his death." The important averment is that the boy "met his death," whether it was by drowning, or the result of some one or more of the other facts that happened to him that caused his death, the pleader is unable to state. The plaintiffs, however, averred the facts as above set forth, and it was for the jury to determine if they were established, and if any one or more of them caused the death. That is sufficient to entitle plaintiffs to relief, because the death of the boy, if thus caused, authorizes a judgment for damages. Plaintiffs' counsel well says the ultimate fact that, by reason of some one or more of the things alleged in this complaint, the boy sank beneath the surface of the swimming pool and met his death, is averred in the complaint. The loss of the boy's life is the ultimate fact and that is set forth. The different things, some one or more of which may have caused the death, are specified. The complaint is good as against a general demurrer. If defendant desired a more specific or detailed statement, it should have asked for it by motion or special demurrer.

The judgment below, dismissing the case, was wrong, and it is therefore reversed, and the cause remanded with directions to the trial court to vacate its judgment dismissing the complaint, to reinstate the cause and overrule the demurrer. Further proceedings, if any, must not be inconsistent with the views expressed in this opinion.